UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

JAMES C. SHEEHAN,  :       01 Civ. 9182 (CSH)
  :
        Plaintiff,  :
  :
    -against-  :     <u>MEMORANDUM OPINION</u>
  :        <u>AND ORDER</u>

METROPOLITAN LIFE INSURANCE  :
COMPANY,  :
  :
        Defendant.  :

------------------------------------------------------------ x

<u>HAIGHT, Senior District Judge</u>:

Plaintiff James Sheehan commenced this lawsuit to recover long-term disability benefits from defendant Metropolitan Life Insurance Company ("MetLife"), issuer of a group insurance policy to Sheehan's former employer, non-party Bear Stearns & Company, pursuant to Employee Retirement and Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). A non-jury trial was held in November 2004. In a Memorandum, Opinion, and Order dated March 15, 2005, I held that plaintiff was entitled to recover long-term disability benefits for the period of March 31, 2001 to June 12, 2003. I declined to award benefits from June 13, 2003 to the present.

Upon my direction in the March 15th opinion, plaintiff submitted a proposed Judgment and Bill of Costs presented for settlement by the Court. Defendant objected to plaintiff's proposed Judgment and Bill of Costs and submitted a revised version of each, along with a notice of objections. Presently there are two primary issues in dispute between the parties: prejudgment interest and fees for expert witnesses. For reasons set forth below, I find in favor of plaintiff with respect to prejudgment interest. I do not reach issues relating to costs at this time. Plaintiff is directed to file

1

with the Clerk of the Court a request to tax costs pursuant to Local Civil Rule 54.1.

A.      *Prejudgment Interest*

Whether a prevailing party in "a suit to enforce a right under ERISA" is entitled to prejudgment interest is "ordinarily left to the discretion of the district court." *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000). In exercising such discretion, the Court should take into consideration: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Id.*, *quoting SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996) (internal quotation marks omitted), *cert. denied*, 522 U.S. 812 (1997).

Though it does not concede the point outright, MetLife does not make a serious attempt at opposing an award of prejudgment interest. Indeed, I find that a prejudgment interest award is necessary in this case to fully compensate Sheehan for actual damages suffered. Between March 31, 2001 and June 12, 2003, MetLife had access to and benefit of funds which should have gone to Sheehan. Sheehan, meanwhile, suffered from denial of use of the money to which he was entitled. Weighing all the factors outlined in *First Jersey Securities*, I find that plaintiff is entitled to an award of prejudgment interest.

What is at greater issue is the *rate* that should be applied to plaintiff's prejudgment interest award. Though there is "no federal statute that purports to control the rate of prejudgment interest," prejudgment interest is "an element of the plaintiff's complete compensation," and therefore "the same considerations that inform the court's decision whether or not to award interest at all should inform the court's choice of interest rate." *Jones*, 223 F.3d at 139 (citations and internal quotation

2

marks and brackets omitted).

Plaintiff asserts that an appropriate rate of interest is nine percent (9%). He arrives at this percentage from two sources. First, it is the applicable state-law prejudgment interest rate. N.Y. CPLR § 5004 provides: "Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." *See also Aniero Concrete Co. v. New York City Const. Auth.*, 308 F.Supp.2d 164, 211 (S.D.N.Y. 2003) (applying the New York statutory 9% rate in a diversity action).

Second, plaintiffs allege that the nine percent figure is near the ballpark of interest rates available for personal loans from commercial banks, which range from 9.99% - 14.49%. *See* Plaintiff's Brief Regarding Pre-Judgment and Post-Judgment Interest, dated Mar. 24, 2005, at Ex. A. Defendant asserts that the Court should use the rate of *post*-judgment interest, statutorily established in 28 U.S.C. § 1961, which mandates a rate equal to the weekly average, one-year constant maturity, Treasury-bill yield. *See Algie v. RCA Global Communications, Inc.*, 891 F.Supp. 875, 899 (S.D.N.Y. 1994). According to defendant's calculations, the § 1961 Treasury-bill yield averaged approximately 2.5% from April 2001 to June 2003. *See* Defendant's Memorandum of Law Supporting its Objections to Plaintiff's Proposed Judgment, dated Apr. 11, 2005, at Ex. A.

*Jones* involved a plan beneficiary who, like Sheehan, sued her insurance provider for long-term disability benefits under ERISA. The district court ruled in favor of the plaintiff-beneficiary on the merits of her disability claim. Prejudgment interest was one of several issues on appeal. The lower court had granted prejudgment interest using the postjudgment interest rate provided in § 1961, citing to *Algie* in support, but otherwise providing no reasons for doing so. The Second Circuit distinguished *Algie,* noting that it was "a suit for severance payments," and held that in the absence of any reasoning provided by the lower court, "meaningful review is forestalled." *Jones*, 223 F.3d

at 140. The court remanded the case, directing the district court to "briefly explain its reason for adopting the § 1961 rate or any higher rate." *Id.* Prior to doing so, however, it made note of the following:

> It would be well within the discretion of the district court to take into account the rate at which such a plaintiff would have paid to borrow money rather than the rate at which she would have lent it to the government.

*Id.*

On remand, the District Court found the lower § 1961 interest rate appropriate, a decision which the Second Circuit affirmed. *See* 2001 WL 754706 (2d Cir. June 28, 2001).[1] However, other courts have cited to *Jones* in support of the higher rate of interest. *See, e.g., In re Livent, Inc.*, 360 F.Supp.2d 568, __, 2005 WL 563170, at *3 (S.D.N.Y. 2005) ("Application of the four-pronged test articulated by *Jones* and earlier cases to the facts of this case leads the Court to conclude that Plaintiffs are entitled to an award of prejudgment interest at the forum state rate of 9 percent."); *McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund*, No. 99 Civ. 9054, 2001 WL 1154630, at *4 (S.D.N.Y., Oct. 1, 2001), *aff'd in part, vacated in part, remanded on other grounds*, 320 F.3d 151 (2d Cir. 2003).

I find plaintiff's assertion of 9% interest--the rate of interest Sheehan would have paid to borrow money--more compelling than defendant's assertion of 2.5%--the rate he would have lent money to the government.

Pursuant to Sheehan's insurance policy, Sheehan was entitled to receive benefits of $6,500 a month for his long-term disability. As I have indicated, Sheehan was entitled to recover long-term

---

[1] The District Court found the lower rate to be appropriate because, *inter alia*, it was an "extraordinarily close case," and because it had remanded an additional claim by Jones to UNUM making any award of fees "premature." *See id.*, at *1.

disability benefits for the period of March 31, 2001 to June 12, 2003. With respect to the final month, June 2003, the benefit award should be prorated for the first twelve days of the month, leading to an award of $2,600 for that month plus interest. This shall be reflected in the Judgment.[2]

B.      *Postjudgment Interest*

Pursuant to 29 U.S.C. § 1961, the postjudgment interest shall be assessed from the date of the entry of the Judgment until payment, and the rate of interest shall be a rate equal to the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the Judgment.

C.      *Expert Witness Fee*

Finally, plaintiff asserts costs of $9,600 for two expert witnesses who testified in this case, Drs. Steven Charno and Renato Prati. Under Local Civil Rule 54.1(a):

> Within thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, unless this period is extended by the court for good cause shown, any party seeking to recover costs shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation.

Local Civil Rule 54.1(a) allows an opposing party to serve objections to any cost item in writing prior to or at the time for taxation by the Clerk. Any appeal from the Clerk's taxation of costs

---

[2] The calculations of benefits and prejudgment interest awarded in the Judgment are based on a 9% yearly interest rate accruing from the respective dates of payment through to date of entry of judgment, April 29, 2005. Prejudgment interest was calculated using simple rather than compound interest. The figures presented are similar to the calculations found in plaintiff's proposed judgment except in the following respects: Interest has been calculated through to the date of entry of judgment, rather than to March 31, 2005. The amount of payment in the final month of June 2003 has been prorated to $2,600. The total of monthly benefit payments and prejudgment interest was calculated as $218,235.24. Plaintiff, in his proposed judgment, has total of payments and interest as $243,244.26. It is unclear how plaintiff reached this number, as it is significantly off from the total reached even adding the plaintiff's own numbers. I will attribute it to a calculating error on plaintiff's part.

is made to the District Judge who tried the case.

Accordingly, plaintiff shall file with the Clerk of the Court any request to tax costs annexing a bill of costs, and defendant shall serve any objections, in accordance with Local Rule 54.1.

Judgment shall be entered in accordance with the holdings of this opinion.

It is SO ORDERED.

Dated: New York, New York
April 29, 2005

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE